UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JONATHAN ÁLVAREZ VEGA** on behalf of his minor child, E.A.L.<br><br>      Plaintiff,<br><br>v.<br><br>[1] **EVERTEC GROUP LLC.**, an operator of a box office and ticket processing service for events known as *ticketpop*.<br><br>[2] **SMG PUERTO RICO L.P,** an operator of a place of public accomodation known as Coliseo de Puerto Rico Jose Miguel Agrelot.<br><br>[3] **AUTORIDAD DEL DISTRITO DEL CENTRO DE CONVENCIONES DE PUERTO RICO,** ownner of a place of public accomodation known as Coliseo de Puerto Rico Jose Miguel Agrelot.<br><br>[4] **RE: CREATE GROUP, INC,** producer and operator of an event known as *Katy Perry: Prismatic Tour*, scheduled for October 12, 2105.<br><br>[5] **ELYRADICAL PRODUCTIONS, INC.,** producer and operator of an event known as *Monster Jam*, scheduled for November 6, 2015.<br><br>[6] **JOSANTONIO MELLADO GONZALEZ d/b/a FAMMA EVENTS,** producer and operator of *Disney on Ice: World of Enchancement*.<br><br>      Defendant. | Civil No.:  15-2263<br><br><br><br>Jury Trial Demanded |

COMPLAINT
(Injuntive Relief Demanded)

Plaintiff, Jonathan Alvarez Vega, on behalf of his minor child E.A.L., and on behalf of all other individuals similarly situated, (referred to as "Plaintiff"), hereby sues the Defendants, Evertec

1

Group LLC, SMG Puerto Rico, L.P., and Autoridad del Distrito de Centro de Convenciones de Puerto Rico (collectively reffered to as "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), as well as violations of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

1. Jonathan Alvarez Vega is a Puerto Rico resident, lives in Bayamón, Puerto Rico and is the father of E.A.L. (hereinadter reffered to as "E.A.L. or "Plaintiff"), a child who qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and has limited use of his hands.

2. Defendant Evertect Group LLC, doing business as, ticketpop (www.ticketpop.com), is an operator of a box office and ticket processing service for events at a place of public accommodation known as Coliseo de Puerto Rico Jose Miguel Agrelot. Defendant SMG Puerto Rico, L.P, is an operator of a place of public accomodation known as Coliseo de Puerto Rico Jose Miguel Agrelot. Defendant Autoridad del Distrito del Centro de Convenciones de Puerto Rico is the ownwer of a place of public accomodation known as Coliseo de Puerto Rico Jose Miguel Agrelot. Defednant Re: Create Group, Inc. is producer and operator of an event known as *Katy Perry: Prismatic Tour*, scheduled for October 12, 2105 at the Coliseo de Puerto Rico Jose Miguel Agrelot. Defendant Elyradical Productions Inc., is the producer and operator of an event known as *Monster Jam*, scheduled for November 6, 2015. Defendant Josantonio Mellado Gonzalez d/b/a Famma Events is the producer of an event known producer and operator of *Disney on Ice: World of Enchancement* that took place in July 2015 at the Coliseo de Puerto Rico

2

Jose Miguel Agrelot and that will take place, on information and belief, in Summer 2016 at Coliseo de Puerto Rico Jose Miguel Agrelot. (Defendants are collectively reffered to as the "Defendant"). Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Coliseo de Puerto Puerto Rico or simply "*Choliseo*".

3. Venue is properly located in the District of Puerto Rico because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Alternatively, the Court has been given original jurisdiction over Defendant's violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 et seq., which provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

5. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose

removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facilty"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply  with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of **Coliseo de Puerto Rico Jose Miguel Agrelot** has shown that violations exist. These violations -- which Plaintiff encountered -- include, but are not limited to:

    a) The plaintiff had difficulty exiting the vehicle as the designated parking space *access aisle* was located on an excessive slope. <u>Violation</u>: Some of the

        disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

b)    The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. <u>Violation</u>: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

c)    The plaintiff had dificulty exiting the vehicle as the designated parking space was not at least 96 in (2440 mm) wide and the parking access aisle was not part of an accessible route to the building entrance. <u>Violation</u>: Some of the disabled use spaces are located in violation of Section 4.6.2, 4.6.3, and 4.6.6 of the ADAAG, whose resolution is readily achievable.

d)    The plaintiff had dificulty finding parking, including van-accesible parking spaces and the available parking were not adequately located (in violation of STANDARDS 208 & 502)

e)    An accessible path of travel is not provided from the accessible parking spaces to the facility. (1991 ADAAG Sections 4.3.2(1); 4.3.7; 2010 ADAAG Sections 206.2.1; 403.3).

f)    Non-compliant floor and ground surfaces (in violation of STANDARDS 302, 303, 304, 305, 306 and 307);

g)    Non-compliant interior accessible routes and clear floor space (in violation of STANDARDS 206, 402, 403 and 404);

h)    Non-compliant entrances (in violation of STANDARDS 206.4, 402, 403 and 404).

i) As to the assembly area, accessible seats are not integrated, but segregated in violation of Secction 221.2.2.

j) Wheelchair accesible seats do not provide an adequate line of sight in violation of Section 802.2, 221.2.3, and 221.2.3.1

k) Accesible seats do not have an adequate accesible route

l) Accesible spaces do not have companion seats in compliance with seccion 802.3, in violacion of section 221.3.

m) Accesible seats lack of any *assistive listening system* in violation of 219.1.

n) Defendant the following websites: http://www.coliseodepuertorico.com and http://www.ticketpop.com/. Those websites are not accesible and are not in compliance with the following (or similar) standard: W3C Web Content Accessibility Guidelines (WCAG) 2.0 level A and AA.

o) The plaintiff was not allowed to buy accessible tickets at regular price (or discounted price) on http://www.ticketpop.com/. Accessible tickets are not available through ticketpop.com. However, non-accesible tickets are available for purchase on ticketpop.com. As a result of defendants *policy*, accessible seat tickets are *not* available for every ticketpop ticketed event through the normal purchase process on ticketpop.com. Instead, the plaintiff was instructed to buy accessible seat tickets at the box office from Monday to Friday (10:00 a.m. – 6:00 p.m.) or at the Money Center counter at Walmart or Customer Service Counter at Amigo Supermarkets. Defendant Evertec Group LLC d/b/a ticketpop has an unfair business advantage over other

operators, such as AXS, where accessible tickets are available through AXS.com. See e.g. http://www.axs.com/events/287322/daddy-yankee-tickets:





p) Plaintiff was denied full and equal enjoyment because accessible/disabled seating is not available on all levels of the arena.

q) Accesible tickets are not available for purchase by phone. However, non-accesible tickets are available for purchase at ticketpop call center, (787) 294-0001.

r)  Accessible/disabled seating is not available on all levels of the Arena. There is no there is no policy to work with patrons on a case-by-case basis to adequately accommodate individual need.

s)  Coliseo de Puerto Rico Jose Miguel Agrelot personnel have not been properly trained in emergency evacuation procedures to ensure the safe evacuation of those guests with disabilities in the case of an emergency.

t)  Coliseo de Puerto Rico Jose Miguel Agrelot is not equipped with elevators that access *all* public areas of the arena. Coliseo de Puerto Rico Jose Miguel Agrelot personnel have not been properly trained in special assistance in reaching accesible seat.

8. Plaintiff is a frequent visitor of the area where Defendant's property is located and is a frequent visitor of Coliseo de Puerto Rico Jose Miguel Agrelot.[1] In July 2015, Plaintiff visited the property which forms the basis of this lawsuit and encountered the discriminatory violations described in paragraph 7. Specifically, plaintiff went to the event known as *Disney on Ice Worlds of Enchantment,* produced by Codefendant **JOSANTONIO MELLADO GONZALEZ d/b/a FAMMA EVENTS,** whose street address is Calle Camino del Hostal K-7, Quinta del Rio, Bayamon, PR 00961; or 670 Ponce de Leon Ave., Caribbean Towers, Suite 22, San Juan, PR 00908 (http://www.fammaevents.com/).

9. Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property on October 12, 2015 to the following event: *Katy Perry: Prismatic Tour*. However, on March 16, 2015, the Plaintiff was denied the opportunity to

---

[1] Mr. Jonathan Alvarez Vega takes full-time care of E.A.L., but manages to do extraordinary work, such as landscape or washing cars, to afford the costs of these events.

buy tickets at ticketpop.com and he was denied access. The producer and operator of this event is Codefendant: **RE: CREATE GROUP, INC** and its registered agent and president is Alejandro Pabon Castrodad at 201 AVE. ARTERIAL HOSTOS, San Juan, PR, 00913 (787-754-4400). Accessible/disabled seating is not available on all levels of the Arena during the *Katy Perry: Prismatic Tour*, produced by Codefendant RE: CREATE GROUP, INC., in violation of the American with Disabilities Act. The setting chart for the *Katy Perry: Prismatic Tour* event is:



10. Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property on November 8, 2015 to the following event: Monster Jam, produced by Codefendant **ELYRADICAL PRODUCTIONS INC.** However, on

9

September 11, 2015, the Plaintiff was denied the opportunity to buy tickets at ticketpop.com and he was denied access. The producer and operator of this event is Codefendant: Elyradical Productions Inc. and its registered agent is Jose L. Carrion Salva at COND. SKYTOWER 1 APT 11F, SAN JUAN, PR, 00926, San Juan, PR, 00913 ((787) 410-8478) and its president is Elizer Rodriguez at CALLE ALMACIGO E-6 QUINTAS DE DORADO DORADO PR 00646. Accessible/disabled seating is not available on all levels of the Arena during the *Monster Jam* event produced by Codefendant Elyradical Productions Inc. in violation of the American with Disabilities Act. The seating chart for this event is:



11. At this time, Plaintiff *also* plans to return to the property in Summer 2016 to avail himself of the goods and services offered to the public at the property and to determine whether the property has been made ADA compliant. As detailed in the preceding

paragraph, Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of him disability.

12. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting him civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

13. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

14. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

15. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

16. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

17. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Coliseo de Puerto Rico Jose Miguel Agrelot not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

19. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly

situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Coliseo de Puerto Rico Jose Miguel Agrelot, *also known as "Choliseo,"* to make those facilities readily

accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

23. Plaintiff incorporates all the prceeding paragraphs. As a result of defendants' intentional conduct as decribed herein, Plainitff suffered discrimination in violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Defendants' intentional conduct contributed (and contributes) to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public, causing him emotional damages in an amount to be determined at trial.

24. Plaintiff request a trial by jury on all issues triable by jury.

**WHEREFORE**, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b) Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that

      no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c)     Compensatoty and punitive damages as allowed by the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13 and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

d)     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e)     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                Respectfully submitted,

                **/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
                **USDC-PR Núm.: 231014**
                jcvelezcolon@gmail.com

                EDIFICIO JOAQUÍN MONTESINO
                CALLE ROSSY ESQ. ISABEL II
                SUITE 109-B BAYAMÓN, P.R. 00960

                TEL: (787) 798-5233
                FAX: (787) 798-5234

                *Attorney for*
                *Jonathan Alvarez Vega on behalf of his minor child, E.A.L.*