UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JONATHAN ÁLVAREZ VEGA** on behalf of his minor child, E.A.L.<br><br>      Plaintiff,<br><br>v.<br><br>[1]  **EVERTEC   GROUP   LLC.,**   an operator  of  a  box  office  and ticket  processing  service  for events known as *ticketpop*.<br><br>[2]  **SMG  PUERTO  RICO  L.P,**  an operator  of  a  place  of  public accomodation  known  as  Coliseo  de Puerto Rico Jose Miguel Agrelot.<br><br>[3]  **AUTORIDAD  DEL  DISTRITO  DEL CENTRO  DE  CONVENCIONES  DE  PUERTO RICO,**  owner  of  a  place  of  public accommodation  known  as  Coliseo  de Puerto Rico Jose Miguel Agrelot.<br><br><br>      Defendants. | 3:15-cv-02263-JAG |

**AMENDED COMPLAINT**

**COMES NOW,** Jonathan Alvarez Vega on behalf of his minor child E.A.L (collectively referred to as "Plaintiff" or "Plaintiffs") on behalf of themselves and all others similarly situated and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this action individually and on behalf of

    all others similarly situated against SMG PUERTO RICO L.P

    and AUTORIDAD DEL DISTRITO DEL CENTRO DE CONVENCIONES DE

PUERTO RICO (hereinafter collectively referred to as "Defendant" or "Defendants") alleging violations of Titles II and III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq., 12181 et seq. ("ADA"), (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendant ("Defendant's facilities").

2.  Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused her to be dependent upon a wheelchair for mobility.

3.  Plaintiff has patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities.

4.  Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiff

further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

5.  On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6.  The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7.  Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89. Alternatively, Defendant is a political subdivision of Puerto Rico and is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns a public entity

within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant is responsible for complying with the obligations of the ADA. The facility that houses the Defendant's services, programs, and/or activities is known as Coliseo de Puerto Rico.

8. Defendant is required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

9. Defendant owns, operates, controls and/or leases places of public accommodation.

10. Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

11. While Defendant has centralized management policies regarding the design, construction and maintenance of its facilities, including Coliseo de Puerto Rico, those policies are inadequate, and Defendant's facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

13. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

15. Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Puerto Rico. As described above, as a result of her disability, Plaintiff relies upon a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

16. Defendant has a principal place of business at San Juan, Puerto Rico.

17. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7)(F).


## VIOLATIONS AT ISSUE

18. In 2015 and on or around May 25, 2016, Plaintiff visited Defendant's property located at Coliseo de Puerto Rico, San Juan, Puerto Rico. During this visit, Plaintiff experienced unnecessary difficulty and risk because no purportedly accessible parking space was designated as "van accessible." That is, out of approximately 40 purportedly accessible parking spaces, no parking space was at least 96 in wide with an access isle that is also 96 in wide. <u>See</u> Section 4.6.[1]

19. Based upon an investigation performed on Plaintiff's behalf, Plaintiff has become aware of additional architectural barriers at Defendant's facilities. These additional barriers, which were not directly encountered by Plaintiff but which Plaintiff has knowledge of as a result of the

---

[1] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6
[2] https://www.access-board.gov/guidelines-and-standards/buildings-and-

investigation conducted in connection with this case, as detailed in the following paragraph.

20. On Plaintiff's behalf, investigators examined the facility location owned and managed by Defendant, and found the following violations:

    i.   Noncompliance with Section 4.1.2. 1 out o every 8 Accessible spaces needs to meet the "Van Accessible" requirements mentioned below. Because there are 44 accessible parking spaces at the Coliseo de Puerto Rico, there must be at least six "Van Accessible" parking spaces at the Facility. At this time, there are no "Van Accessible" parking spaces at the Coliseo.

    ii.  Noncompliance with Section 4.6.4. Accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility. Van accessible spaces shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. At this time, there are no "Van Accessible" signage at the Coliseo.

    iii.  Noncompliance with Sections 4.3.7, 4.5.1. The access aisles do not have a cross slope less than

1:50, and there is no firm, stable and nonslip
surface. The surface is not firm but sloped terrain
with grass clumps and other small objects such as
rocks covering its surface.

iv. Noncompliance with Sections 4.33.[2]

1. Section 4.33.3 to require both vertical and
horizontal dispersal, i.e., in large arenas and
stadiums such as the Coliseo de Puerto Rico the
wheelchair locations must be distributed in a
manner that approximates the overall
distribution of seats in the facility.
Plaintiff contends that it is not enough to
provide at least *some* wheelchair spaces in each
ticket price category. Coliseo de Puerto Rico
wheelchair locations are not distributed in a
manner that approximates the overall
distribution of seats in the facility in
violation of standard 4.33.3.

2. Defendant does not even provide wheelchair
spaces in each ticket price category.
Plaintiff contends that it is not enough to
provide wheelchair access to an area (e.g. area
#113 or #2 below) if the <u>size</u> of the wheelchair

---

[2] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.33

locations is non-compliant with Section 4.33.2. The Defendant does not provide wheelchair spaces in the follow ticket price categories at Coliseo de Puerto Rico: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 103, 102, 101, 126, 125, 116, 115, 114, 113, 112, 111A, 111B, 110A, 116, 104A, 104B, 105B (see image below).



21. Upon information and belief, the transition plan, or lack thereof, fails to comply with the requirements of 28 C.F.R. §35.105 Section II-5.3000 and otherwise violates the ADA by failing:

   a. to conduct a self-evaluation of its services, policies, and practices make modifications necessary to comply with

the Department's Title II regulations (28 C.F.R. Part 35), 28 C.F.R. §35.105; (The self evaluation of the park is incomplete) II-8.2000 Self-evaluation.

b. to notify applicants, participants, beneficiaries, and other interested persons of their rights and the Defendant's obligations under Title II and the Department's regulations, 28 C.F.R. §35.106; (The "Transition Plan" does not show or detail how or when notice has been given to interested parties) II-8.4000 Notice to the public.

c. to designate a responsible employee to coordinate its efforts to comply and carry out the Defendant's ADA responsibilities, 28 C.F.R. § 35.107(a); (No individual has been designated as the responsible entity.) II-8.5000 Designation of responsible employee and development of grievance procedures.

d. to establish a grievance procedure for resolving complaints of violations of title II, 28 C.F.R. § 35.107(b); (No grievance procedure has been delineated.)

22. The discriminatory violations described in paragraphs 20-21 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires a full inspection of the Defendants' facility in order to identify, photograph and to measure all of the discriminatory acts and other failures by which

Defendant violates Title II and/or III of the ADA as a result of Defendant's failure to make the facility, its programs, activities and accommodations readily accessible to and usable by individuals with disabilities. 28 C.F.R. 35.150(b)(1) and 28 C.F.R. 35.15(c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessability Standards (UFAS) shall be deemed to comply with Title II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and use Defendant's facilities has been significantly impeded.

24. Though Defendant has centralized policies regarding the management and operation of its facilities, Defendant has never had a plan or policy that is reasonably calculated to make its facilities fully accessible to, and independently usable by individuals with mobility disabilities.

25. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

26. Plaintiff intends to return to Defendant's facilities to conduct business and to ascertain whether those facilities remain in violation of the ADA. However, so long as the numerous architectural barriers at Defendant's facilities continue to exist, Plaintiff will be deterred from returning to Defendant's facilities.

27. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of his rights under the ADA.

**CLASS ALLEGATIONS**

28. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

29. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class

members through this class action will benefit both the parties and this Court.

30. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

31. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

32. Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and who possess specific expertise in the context of litigation under Title III of the ADA.

33. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

34. The allegations contained in the previous paragraphs are incorporated by reference.

35. Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

36. Defendant's facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C.§ 12183(a)(1).

37. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

38. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

39. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. §

12183(a)(1);   28 C.F.R. § 36.406;   28 C.F.R., pt. 36, app. A.

40. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

41. Defendant has failed, and continues to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

42. Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

43. Defendant's conduct is ongoing, and Plaintiff has been harmed by Defendant's conduct.

44. Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the members of the class, prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. An Order certifying the class proposed by Plaintiff, and naming Plaintff as a class representative(s) and appointing Plaintiff's counsel as class counsel;

D. Payment of costs of suit;

E. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

F. The provision of whatever other relief the Court deems just, equitable and appropriate.


Dated: August 15, 2016          Respectfully Submitted,


                                **/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
                                **USDC-PR NO.: 231014**
                                jcvelezcolon@gmail.com

                                PO BOX 2013
                                BAYAMON, PR 00960-2013

                                TEL: (787) 599-9003

                                *Attorney for Plaintiffs*

Americans with Disabilities Act
ACCESSIBILITY-RELATED LITIGATION
JOSÉ CARLOS VÉLEZ COLÓN, ESQ.
JCVELEZCOLON@GMAIL.COM
P.O BOX 2013
BAYAMÓN, PR 00960
TEL.: (787) 599-9003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 15th day of August 2016.

Respectfully submitted,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR No.: 231014**
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON PR 00960

TEL: (787) 599-9003

*Attorney for Plaintiff A.V.R., Widallys Rivera-Quinones on behalf of her minor child, A.V.R., and Maria Suarez-Torres*

Americans with Disabilities Act
ACCESSIBILITY-RELATED LITIGATION

JOSÉ CARLOS VÉLEZ COLÓN, ESQ.
JCVELEZCOLON@GMAIL.COM

P.O BOX 2013
BAYAMÓN, PR 00960

TEL.: (787) 599-9003